IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GERALD WARBY, | ) |
| | ) |
| Plaintiff, | ) Civil No. 03-34-RE |
| | ) |
| vs. | ) |
| | ) |
| UNION PACIFIC RAILROAD COMPANY, | ) OPINION AND ORDER |
| | ) |
| Defendant and | ) |
| Third Party Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| H.P. GLOBAL TRANSPORTATION | ) |
| SERVICES, INC., | ) |
| | ) |
| Third Party Defendant. | ) |

Paul S. Bovarnick
Philip S. Bentley
Rose, Senders & Bovarnick
1205 N.W. 25th Avenue
Portland, Oregon 97210
    Attorney for plaintiff

Eugene H. Buckle
Michael K. Walton
Cosgrave Vergeer Kester
121 S.W. Morrison Street, Suite 1300
Portland, Oregon 97204
    Attorneys for defendant

REDDEN, Judge:

    This action was removed from Multnomah County Circuit Court. Plaintiff moves for remand, and requests attorney's fees and

1   - OPINION AND ORDER

costs if the motion for remand is granted. The court heard oral argument on the motion on April 8, 2003. The motion to remand is granted.

### Factual and Procedural Background

On October 8, 2002, plaintiff Gerald Warby, an employee of Union Pacific Railroad Co. (Union Pacific), injured his back while attempting to pull out a pin that allows the deck of an automobile transport to be lowered. As a result of the injury, he brought an action under the Federal Employers Liability Act (FELA), 45 U.S.C. § 51 *et seq.,* against Union Pacific in Multnomah County Circuit Court.

On November 19, after a hearing, Union Pacific disciplined Warby for being injured by not planning his work to stay within his physical capabilities. In early December, Warby's position was abolished and Union Pacific moved him to a weekend shift. On December 12, 2002, Warby filed an amended complaint in Multnomah County, alleging, in addition to the FELA personal injury claim, two claims under Oregon's whistleblower law, Or. Rev. Stat. § 659A.230.

Union Pacific removed the action on January 9, 2003, on the ground that the amended complaint asserts a claim under the Railway Labor Act, 45 U.S.C. § 151 *et seq.*(RLA), thereby creating federal question jurisdiction. On January 31, 2003, Union Pacific filed a third party complaint for contractual indemnity against H.P. Global Transportation Services, Inc., Union Pacific's contractor for inspecting, repairing and maintaining the automobile carriers on which plaintiff was working.

On February 7, 2003, Warby filed a motion to remand and

2    - OPINION AND ORDER

1  requested attorney's fees and costs incurred as a result of
2  improper removal. After briefing was complete, Union Pacific
3  filed a motion to supplement the record with a memorandum and two
4  affidavits. Union Pacific's request to supplement the record with
5  the memorandum is granted, but the request to submit two
6  affidavits is denied.

### Standards

A defendant may remove an action to federal court only if the action could have been brought there originally. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. Prize Frize, Inc. v. Matrix (U.S.), Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).

The presence or absence of federal question jurisdiction in a removal case is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar, 482 U.S. at 392; Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000). This rule makes the plaintiff master of the complaint: he can avoid federal jurisdiction by relying exclusively on state law. Balcorta, 208 F.3d at 1106.

Federal preemption is ordinarily a defense to the plaintiff's action, under which state law is substantively displaced by federal law. Rutledge v. Seyfarth, Shaw, Fairweather, 201 F.3d 1212, 1215 (9th Cir.), *amended,* 208 F.3d 1170 (9th Cir. 2000); Caterpillar, 482 U.S. at 392. As a defense,

3   - OPINION AND ORDER

federal preemption does not appear on the face of a well-pleaded complaint, and therefore does not authorize removal to a federal court. Rutledge, 201 F.3d at 1215. An exception is the complete preemption doctrine, which applies when the preemptive force of a statute is so extraordinary that it converts an ordinary state common law complaint into one stating a federal cause of action. Caterpillar, 482 U.S. at 393. A claim grounded in state law that has been completely preempted is considered, from its inception, a federal claim. Balcorta, 208 F.3d at 1107. Thus, complete preemption is a jurisdictional determination.

In determining the scope of complete preemption, the court starts with "the assumption that the historic police powers of the States [are] not to be superseded ... unless that was the clear and manifest purpose of Congress" and that "Congress does not cavalierly pre-empt state law causes of action." Medtronic, Inc. v. Lohr, 518 U.S. 470 (1996); Charas v. Trans World Airlines, Inc., 160 F.3d 1259, 1265 (9th Cir. 1998)(*en banc*). *See also* Hawaiian Airlines v. Norris, 512 U.S. 246, 252 (1994)("Pre-emption of employment standards within the traditional police power of the state should not be lightly inferred.") Preemption will not lie unless it is the "clear and manifest purpose of Congress." CSX Transportation, Inc. v. Easterwood, 507 U.S. 658, 664 (1993).

**Discussion**

Although FELA is a federal law, actions under FELA may be brought in either state or federal court, and removal of FELA actions is prohibited. *See* 45 U.S.C. § 56, 28 U.S.C. § 1445(a).

Since FELA does not provide a basis for federal

4   - OPINION AND ORDER

jurisdiction, the issue presented is whether Warby's state law claims are completely preempted by the RLA. If the RLA has sufficient preemptive force to convert Warby's state law claims into federal causes of action, they are considered federal claims from their inception and removal to federal court is authorized. If, however, the RLA does not completely pre-empt Warby's state law claims, then federal preemption is merely a defense and does not create federal question jurisdiction.

The RLA provides a framework for resolving labor disputes in the railroad and airline industries. It sets up mandatory arbitration of two classes of disputes, termed "major" and "minor." Major disputes involve disputes over "the formation of collective bargaining agreements or efforts to secure them." <u>Consolidated Rail Corp. v. Railway Labor Executives' Ass'n</u>, 491 U.S. 299, 302 (1989). Minor disputes "involve controversies over the meaning of an existing collective bargaining agreement in a particular fact situation." <u>Brotherhood of R.R. Trainmen v. Chicago River & Ind. R.R. Co.</u>, 353 U.S. 30, 33 (1957).

State law causes of action that depend upon the interpretation of collective bargaining agreements (CBAs), are preempted by the RLA because the interpretation and application of existing labor agreements are under the exclusive jurisdiction of the arbitrational bodies created by the RLA. <u>Norris</u>, 512 U.S. at 252-53; <u>Espinal v. Northwest Airlines</u>, 90 F.3d 1452 (9th Cir. 1996). However, claims or causes of action involving rights and obligations that are independent of the CBA--*i.e.,* are not contract-based--are not preempted. <u>Norris</u>, 512 U.S. at 256-57.

In <u>Norris</u>, the Supreme Court held that plaintiff's state law

5    - OPINION AND ORDER

claims for discharge in violation of public policy and in violation of the Hawaii Whistleblower Protection Act were not preempted by the RLA. The Court held that Congress intended the RLA to preempt only those disputes "involving the interpretation or application of existing labor agreements." 512 U.S. at 257. Because Norris' wrongful discharge claims involved rights that existed independently of the CBA, they were not preempted. Id.

Despite Norris's holding that retaliation claims brought under a state's whistleblowing statutes are not preempted by the RLA, Union Pacific asserts that Warby's two retaliation claims under Oregon whistleblower law are minor disputes preempted by the RLA. Union Pacific argues that Warby's claims relate to "grievances [that arise] out of the interpretation or application of agreements covering rates of pay, rules, or working conditions," *see* Norris, 512 U.S. at 251-52, because the relief sought by Warby--reinstatement and a return to his original shift--are remedies which the National Railroad Adjustment Board is designed to award and which are governed by the CBA. Union Pacific relies on several cases from this jurisdiction and others.

Union Pacific's argument lacks merit for several reasons. First, whether a claim "relates to" a grievance under the CBA or requests relief that an arbitration board is authorized to provide is irrelevant unless the right on which the claim is based arises *solely* from a CBA. See Norris, 512 U.S. at 257, *comparing* Andrews v. Louisville & Nashville R. Co., 406 U.S. 320 (1972)(state-law claim of wrongful termination pre-empted,"*not* because the RLA broadly pre-empts state-law claims based on

6    - OPINION AND ORDER

discharge or discipline, but because the employee's claim was firmly rooted in a breach of the CBA itself.")(emphasis in original).

Thus, it is the *source of the right* on which the claim is based that is determinative, not whether the actions of the parties may fall within provisions of the CBA. That the state-law claim deals with an underlying factual situation governed by provisions of the CBA does not mean the claim is preempted. Espinal, 90 F.3d at 1457. In wrongful discharge cases, factual questions such as whether the employee was discharged and what the employer's motive was do not require the court to interpret any term of a collective bargaining agreement, and thus are not preempted. *See* Norris, 512 U.S. at 261; Espinal, 90 F.3d at 1457. As the Court observed in Norris:

> Petitioners ... pin their hopes on the observation that "[w]here an employer asserts a contractual right to take the contested action, the ensuing dispute is minor if the action is *arguably justified* by the terms of the parties' collective-bargaining agreement." This "arguably justified" standard, however, was employed only for policing the line between major and minor disputes. ... Obviously, this test said nothing about the threshold question whether the dispute was subject to the RLA in the first place.

512 U.S. at 255-56 (emphasis in original).

The Norris Court emphasized that the "RLA's mechanism for resolving minor disputes does not pre-empt causes of action to enforce rights that are independent of the CBA." 512 U.S. at 257. Substantive protections provided by state law are rights that are independent of whatever labor agreement might govern; they are therefore not preempted under the RLA. Id. *See also* Air Transport v. City and County of San Francisco, 266 F.3d 1064, 1077 (9th Cir.

7    - OPINION AND ORDER

2001).

In its supplemental briefing, Union Pacific relies on three cases from the Ninth Circuit: Grote v. Trans World Airlines, 905 F.2d 1307 (9th Cir. 1990), Espinal and Air Transport Ass'n v. City and County of San Francisco, 266 F.3d 1064 (9th Cir. 2001). Grote, on which Union Pacific leans most heavily, is not authoritative because most of the court's reasoning was overruled later by the Supreme Court in Norris.

Grote was a case in which an airline pilot brought an action in state court for breach of the covenant of good faith and fair dealing, intentional infliction of emotional distress, and defamation, alleging that he was terminated because he refused to perjure himself in order to become recertified to fly after suffering a heart attack. Grote's action was removed and the district court granted TWA's motion to dismiss the state law claims, holding that all of them were preempted by the RLA. The Ninth Circuit affirmed.

The court's holding rested on three assumptions that were all overruled by the Supreme Court's later decision in Norris. The first was that RLA preemption was not analogous to preemption under § 301 of the LMRA because RLA preemption was broader; accordingly, the standard for § 301 preemption articulated by the Supreme Court in Lingle v. Norge Division of Magic Chef, Inc., 486 U.S. 399 (1988) was not applicable to RLA cases. In Norris, the Supreme Court explicitly held that the Lingle standard *does* govern RLA cases. 512 U.S. at 263 ("[W]e adopt the Lingle standard to resolve claims of RLA pre-emption.")

Grote's second erroneous assumption was that the exception

8    - OPINION AND ORDER

to § 301 preemption articulated by the Supreme Court in Lingle--that state law remedies are not preempted so long as they are "independent" of the CBA--did not apply to RLA cases. This holding was also overruled by Norris, where the court held that this same exception applied to both statutes.

Grote's third incorrect premise was that an earlier Supreme Court case, Atchison, Topeka & Santa Fe Ry. v. Buell, 480 U.S. 557 (1987), which had held that an employee covered by the RLA can sue if the claim is "based on rights arising out of a statute designed to provide minimum substantive guarantees to individual workers," applied only to claims arising from federal law. 905 F.2d at 1310. In Norris, however, the Supreme Court held that Buell applied to *both* state and federal claims. *See* 512 U.S. at 259 n. 6 ("Buell, of course, involved possible RLA preclusion of a cause of action arising out of a *federal* statute, while this case involves a cause of action arising out of *state* law and existing entirely independent of the CBA. That distinction does not rob Buell of its force in this context. ... Principles of federalism demand no less caution in finding that a federal statute pre-empts state law.")(emphasis in original)

In Espinal, another case cited by Union Pacific, the court acknowledged that its pre-Norris cases such as Grote had been implicitly overruled by Norris. 90 F.3d at 1456. Further, Espinal does not support Union Pacific's position. There the court applied Norris to determine that plaintiff's state-law disability discrimination claims were not preempted because the source of those rights was independent of the CBA.

Union Pacific's third case, Air Transport Ass'n, is also not

9   - OPINION AND ORDER

helpful. The court held in that case that an ordinance which conditioned all city contracts, including airport property lease agreements, on the contractor's promise not to discriminate was not preempted by the RLA because "the Ordinance applies to union and nonunion employees alike" and because it set minimum labor standards which did not "affect the collective bargaining process ... [or] the right to bargain collectively." 266 F.3d at 1078. The same reasoning applies to Oregon's whistleblower statute.

Also unpersuasive is Union Pacific's contention that wrongful discharge claims based on retaliation for filing FELA complaints are preempted by the RLA. Union Pacific cites <u>Monroe v. Missouri Pacific Railroad Co.</u>, 115 F.3d 514 (7th Cir. 1997)(railroad charged plaintiff with misrepresenting his physical condition, initiated disciplinary hearing and discharged him; court held that plaintiff's wrongful termination claims were preempted by RLA's "comprehensive framework for resolving labor disputes"); <u>Schrader v. CSX Transp., Inc.</u>, 70 F.3d 255 (2nd Cir. 1995)(plaintiff appealed finding made by a Public Law Board, convened under the RLA, that his claim of injury was false, maintaining discharge was in violation of FELA; court dismissed claim, holding that FELA not applicable to self-reporting of accidents or to accident reports properly found to be false); <u>Andrews</u>, 406 U.S. at 324)(wrongful discharge claim based on refusal to allow plaintiff to return to work after automobile accident; Court held that only source of right not to be discharged was the CBA). In each of these cases, the plaintiff's asserted right was found to arise solely from the CBA.

Neither side has cited a case in which the RLA was found to

10   - OPINION AND ORDER

have the "extraordinary" preemptive force necessary to convert a state-law claim into a federal one, and I have not found such a case. Warby cites <u>Geddes v. American Airlines, Inc.</u>, 321 F.3d 1349(11th Cir. 2003), where the Eleventh Circuit held that nothing in the RLA's legislative history suggests an intention to authorize federal court jurisdiction over RLA minor dispute claims. The <u>Geddes</u> court noted that in <u>Railway Labor Executives Ass'n v. Pittsburgh & Lake Erie R.R. Co.</u>, 858 F.2d 936, 942 (3d Cir. 1988), the Third Circuit had also found no evidence of congressional intent to make RLA claims removable.

My review of the authority cited by both sides persuades me that Warby's wrongful termination claims based on Oregon's whistleblower statute are grounded in a right independent of the CBA. They are therefore not preempted by the RLA. Because they are not preempted, there is no basis for federal jurisdiction over these claims and they should be remanded to state court.

### Union Pacific's request to supplement the record

Union Pacific requests leave to supplement the record by responding to the <u>Geddes</u> case. Warby opposes the motion.

I have read and considered the legal authority cited by Union Pacific in its supplemental memorandum. However, Union Pacific also seeks to supplement its response to the motion to remand with two affidavits. The affidavits are rejected, since they have nothing to do with the <u>Geddes</u> case, Union Pacific's asserted rationale for its request to supplement the record.

### Conclusion

Union Pacific has not carried its burden of establishing that the RLA completely preempts Oregon whistleblowing statutes,

11   - OPINION AND ORDER

1  thereby converting those claims into federal causes of action and
2  creating federal jurisdiction. In <u>Norris</u>, the Supreme Court held
3  that the RLA does not completely preempt a state law claim unless
4  the claim is based on a right which exists solely because of a
5  CBA. Warby's whistleblower claims clearly do not meet that test.
6  Oregon's whistleblower statute creates a right which can be
7  invoked by any employee, whether union or nonunion.

8      Because no federal question jurisdiction exists, plaintiff's
9  motion for remand (doc. # 9) is GRANTED. Union Pacific's request
10 to supplement the record (doc. # 19) is GRANTED only with respect
11 to the supplemental memorandum; the two affidavits are rejected.
12 Warby is directed to submit briefing and documentation on his
13 request for attorney's fees within 14 days of the date of this
14 Opinion and Order. Union Pacific shall file its responsive
15 documents 14 days later. A reply, if any, is to be filed five
16 days later. The court will notify the parties if it thinks oral
17 argument on the attorney's fees issue is appropriate.

18     IT IS SO ORDERED.
19     Dated this <u>9th</u> day of April, 2003.

21                         <u>James A. Redden</u>
22                         James A. Redden
                  United States District Judge

12   - OPINION AND ORDER